UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COURTLAND BISHOP, et al.,

        Plaintiffs,                        Case No. 2:08-cv-766
                                                 JUDGE GREGORY L. FROST
      v.                                        Magistrate Judge Mark R. Abel

THE CHILDREN'S CENTER FOR
DEVELOPMENTAL ENRICHMENT, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment on Claims I and II (Doc. # 12), Plaintiffs' Response to Defendants' Motion (Doc. # 14), and Defendants' Reply Memorandum (Doc. # 15). For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I. Background

Plaintiffs Courtland and Michelle Bishop and their minor son C.B. reside in the Worthington, Ohio School District ("Worthington Schools"). In 2002 Worthington Schools placed C.B. at Oakstone Academy ("Oakstone") after he was identified as a child with disabilities under the Individuals with Disabilities Education Improvement Act ("IDEIA"),[1] 20 U.S.C. § 1400 *et seq.*

Defendant the Children's Center for Developmental Enrichment ("CCDE") is a private, non-profit corporation that is organized under Ohio law for charitable and educational purposes.

---

[1] In 2004, Congress reauthorized the Individuals with Disabilities Education Act ("IDEA") as the IDEIA. *See* Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005. Throughout this Opinion and Order, statutory references will be to the IDEIA, except when quoted in opinions as the IDEA.

Oakstone is a name registered by CCDE which describes the portion of CCDE's business which operates a private school. Rebecca Morrison, Chief Executive Officer of CCDE, is also named as a defendant.

Oakstone provided educational services to C.B. pursuant to his Individualized Education Plan ("IEP") until approximately August 25, 2005, when Oakstone expelled C.B. after his mother questioned his classroom assignment.

On October 25, 2005 Plaintiffs filed a Complaint Notice and Request for Due Process Hearing with the Ohio Department of Education. Prior to the hearing, Plaintiffs withdrew this complaint and hearing request.

On May 30, 2006, Plaintiffs Courtland and Michelle Bishop, individually and as next friends of C.B., filed an action in this division of this district ("*Bishop I*"), Case No. 06-cv-404, alleging that, as a result of C.B.'s expulsion from Oakstone, Worthington Schools, the Ohio Department of Education, and CCDE: (1) violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); (2) violated the Americans with Disabilities Act, 42 U.S.C. § 12131; (3) denied C.B. a free and appropriate public education under the IDEIA and; 4) denied Plaintiffs due process in violation of 42 U.S.C. § 1983 ("Civil Rights Act"). The Bishops also claimed that Defendants were liable for breach of contract and tortious interference with contract. *Bishop I* was assigned to United States District Judge Algenon L. Marbley.

On March 5, 2007 Judge Marbley granted Defendants' motion to dismiss for failure to exhaust administrative remedies under the IDEIA. Specifically, Judge Marbley held:

> It is well settled that a plaintiff must exhaust administrative remedies before bringing suit to obtain relief that is available under the IDEA. 20 U.S.C. § 1415(l); *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir. 1989); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989). The IDEA

> specifically provides for a due process hearing and a subsequent appeal at the state agency level. 20 U.S.C. § 1415 (f),(g).
>
> . . . .
>
> Moreover, Plaintiff may not avoid the exhaustion requirement of the IDEA by also stating claims under the Rehabilitation Act, ADA, or bringing suit for money damages under 42 U.S.C. § 1983 if the Plaintiff's claims are also actionable under the IDEA. *Cordrey v. Euckert*, 917 F.2d 1460, 1475-76 (6th Cir. 1990); *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) (holding that the plaintiff's "claims under § 504 of Rehabilitation Act and § 1983, both of which sought to ensure free appropriate public education that was also available under IDEA, were both subject to IDEA exhaustion requirement"); *Covington v. Knox Sch. Sys.*, 205 F.3d 912, 916 (6th Cir. 2000).

*Bishop I*, 477 F. Supp.2d at 882-83 (footnote omitted).

On August 14, 2007, after dismissal of *Bishop I*, Plaintiffs filed an administrative Due Process Complaint against Worthington Schools, the Ohio Department of Education, and CCDE. CCDE challenged the sufficiency of the Due Process Complaint. The Complaint, however, was found sufficient on August 27, 2007. CCDE then moved for dismissal of the Complaint for failure to state a claim upon which relief could be granted and for untimely or improper service. On October 16, 2007 the District Level Hearing Officer found service adequate, but concluded that the Complaint against CCDE failed to state a claim upon which relief could be granted.

The Bishops requested State Level Review and CCDE filed its Appeal/Cross Appeal of the decision denying CCDE's motion to dismiss for failure to provide legally required notice. These administrative appeals resulted in two decisions. In the first decision, the State Level Review Officer ("SLRO") denied the Bishops' appeal, affirming the dismissal of CCDE from the due process proceedings by "Final Decision and Entry" dated January 25, 2008. In the second decision, issued on March 17, 2008, the SLRO denied CCDE's Appeal/Cross Appeal ("Final Decision and Entry as to CCDE"), which had the effect of finalizing the administrative process with regard to CCDE. *See CCDE v. Machle*, Case No. 2:08-cv-817, slip op. (S.D. Ohio March

6, 2009) (holding that the Final Decision and Entry as to CCDE was a final and appealable administrative decision). The administrative appeal process thereafter continued as to the Bishops and Worthington Schools. The administrative process culminated in a Final Decision and Entry issued on June 12, 2008.

August 8, 2008 the Bishops, individually and on behalf of C.B., filed the instant action alleging causes of action under the Rehabilitation Act, the Civil Rights Act, and Ohio law.

On August 25, 2008 CCDE filed an entirely different action for attorney fees and for reversal of certain aspects of the Final Decision and Entry as to CCDE, which was dismissed today in an Opinion and Order issued by the undersigned judge.

In the instant action, Defendants have moved for summary judgment as to the causes of action brought under the Rehabilitation Act and the Civil Rights Act, arguing that the statute of limitations has expired on these two claims. That motion is ripe for review.

## II. Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. The mere existence of a scintilla of evidence in

support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Id.* at 251.

### III. Analysis

Defendants argue that they are entitled to summary judgment on Plaintiffs' claims under the Rehabilitation Act and the Civil Rights Act because the claims are barred by the applicable statutes of limitation. This Court agrees.

There is no dispute that the applicable statutes of limitation provide for a two year period in which to file the Civil Rights Act and Rehabilitation Act claims. *James v. Upper Arlington City Sch. Dist.*, 228 F.3d 764, 769 (6th Cir. 2000) (citing *Southerland v. Hardaway Mgmt., Inc.*, 41 F.3d 250, 254 (6th Cir. 1994) (Rehabilitation Act) and *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (Civil Rights Act)).

The issue before the Court is the date on which the limitations period began to run. The accrual date of an action under the Rehabilitation Act and the Civil Rights Act is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Southerland v. Hardaway Mgmt., Inc.*, 41 F.3d 250, 254 (6th Cir. 1994). Under the federal discovery rule, "the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). *See also James v. Upper Arlington City Sch. Dist.*, 987 F. Supp. 1017 (S.D. Ohio 1697) *rev'd in part on other grounds in Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 408 (6th Cir. 1991) ("Thus, because the Court holds that [the IDEIA plaintiffs'] cause of action accrued in November of 1989, when Joseph's parents withdrew him from the School District, Plaintiffs' § 1983 claim is time barred, as well.")

5

In the case *sub judice*, Plaintiffs argue that the limitations period should begin to run at the same time the IDEIA period began to run, *i.e.*, at the close of the administrative proceedings. *See Jeremy H. by Hunter v. Mt. Lebanon Sch. Dist.*, 95 F.3d 272 (3rd Cir. 1996).[2] Plaintiffs contend that "the standard rule [is] that [accrual occurs] when the plaintiff has complete and present cause of action. . . .' " and that this occurs "when 'the plaintiff can file suit and obtain relief.' " *Wallace v. Kato*, 549 U.S. at 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). This law, however, does not require deferral of the accrual date of the Civil Rights Act or the Rehabilitation Act to provide Plaintiffs the relief they seek.

That is, Plaintiffs possessed a complete and present cause of action under the Rehabilitation Act and the Civil Rights Act on the date that C.B. was expelled from Oakstone. Without reference to the IDEIA, Plaintiffs could have filed suit and obtained relief under either of these statutes on that date. However, because the relief Plaintiffs sought was also available under the IDEIA and Plaintiffs sought relief under the IDEIA, they were required to exhaust the available administrative remedies under that statute. Simply because the IDEIA requires exhaustion of claims under the Rehabilitation Act and the Civil Rights Act to the extent that the relief sought under those statutes is also available under the IDEIA does not act to change the limitations period established under the those two statutes. *See Bishop I*, 477 F. Supp.2d at 882-

---

[2] Plaintiffs argue that in this case the Third Circuit "precisely considers" the issue before this Court, *i.e.*, the accrual date of Rehabilitation Act and Civil Rights Act claims that the IDEIA required to be exhausted with the claims brought under it. Plaintiffs, however, are mistaken. *Jeremy H. by Hunter* holds that the accrual date the two year statute of limitations period to bring an action in federal court under the IDEIA is on the date of the final appealable administrative decision. *See Jeremy H. by Hunter*, 95 F.3d at 280-81. The case does not consider how the IDEIA interacts with the time limitations periods of the Rehabilitation Act or the Civil Rights Act.

6

83; 20 U.S.C. § 1415(l). In other words, the IDEIA cannot change the limitations period established under the Rehabilitation Act or the Civil Rights Act. The limitations period under each statute is two years from the date that a reasonable person knew, or in the exercise of due diligence should have known, both the injury and the cause of that injury. *See Campbell*, 238 F.3d at 775.

That being said, the issue becomes how to establish the path to this Court that Congress intended when it required exhaustion of claims under the Rehabilitation Act and the Civil Rights Act to the extent that the relief sought under those statutes was also available under the IDEIA. If the Court were to allow the time limitation period to run uninterrupted from the date of accrual the result would be that some plaintiffs would be permitted to bring claims and some would not, depending upon the length of the administrative proceedings. This result is absurd and not one that Congress could have intended.

Thus, it appears to the Court that under the IDEIA law as it has been construed, the better argument here is one for tolling. However, it is unnecessary for this Court to conduct an analysis of the applicability of any available tolling doctrines because even if the Court were to apply one, Plaintiffs' claims would still be time barred.

It is uncontroverted that C.B. was expelled from Oakstone on August 31, 2005. As explained above, that is the accrual date of the statute of limitations on both the Rehabilitation Act claim and the Civil Rights Act claim. Plaintiffs filed their request for administrative review on August 14, 2007. One year, 11 months, and 14 days of the limitations period had elapsed at that filing, leaving 16 or 17 days remaining of the limitation period. If the Court tolled the statute of limitations period during administrative exhaustion, the period would have began to

run again on March 17, 2008 upon the issuance of the Final Decision and Entry as to CCDE. Seventeen days from that date is April 3, 2008. Plaintiffs would have been required to file this action by April 3, 2008 if it were to be considered timely. Plaintiffs, however, filed this action on August 8, 2008, several months past what the limitations period would have been.

The Court concludes that even if it were to apply equitable tolling, there is simply no genuine issue of material fact such that any reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, Defendants are entitled to summary judgment on Plaintiffs claims brought under the Rehabilitation Act and under the Civil Rights Act.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Summary Judgment on Claims I and II. (Doc. # 12.) Because Plaintiffs' federal claims are dismissed, the Court presumptively should not address the remaining state law claims before it. *See Saha v. Ohio State Univ.*, Case No. 2:06-cv-190, 2007 U.S. Dist. LEXIS 7442, * (S.D. Ohio Feb. 1, 2007) *aff'd at* 259 Fed. Appx. 779 (6th Cir. 2008) (citing *Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000)). Accordingly, the Court in its discretion declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367. The Clerk is **DIRECTED** to **ENTER FINAL JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**