UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COURTLAND BISHOP, et al.,

       Plaintiffs,                         Case No. 2:08-cv-766
                                          JUDGE GREGORY L. FROST
    v.                                      Magistrate Judge Mark R. Abel

THE CHILDREN'S CENTER FOR
DEVELOPMENTAL ENRICHMENT, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Bar Expert Testimony (ECF No. 108) and Defendants' Memorandum in Opposition to Plaintiffs' Motion to Bar Expert Testimony (ECF No. 109). For the reasons that follow, the Court **GRANTS** Plaintiffs' motion.

### I.  Background

Plaintiffs Courtland and Michelle Bishop and their minor son C.B. reside in the Worthington, Ohio School District ("Worthington Schools"). In 2002 Worthington Schools placed C.B. at Oakstone Academy ("Oakstone") after he was identified as a child with disabilities under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 *et seq.* Oakstone is a school that educates autistic children in an environment with typically developing children. C.B.'s typically developing twin was also enrolled at Oakstone. Defendant the Children's Center for Developmental Enrichment ("CCDE") is a private, non-profit corporation that is organized under Ohio law for charitable and educational purposes. CCDE operates Oakstone. Rebecca Morrison, Ph.D., is CCDE's Chief Executive Officer and is named as a defendant in this action in her individual and official capacities.

1

After the Court issued its decisions on Defendants' motions for summary judgment, and Defendants' motions for reconsideration of those decisions, the claims remaining in this case for trial are Plaintiffs' discrimination claim filed under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and Plaintiffs' claim for breach of contract.  Trial is scheduled for January 23, 2012.

## II.  Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial.  *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence."  *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds.  *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *Cf. Luce*, 469 U.S. at 41.  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential

prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. *Id.* (citing *Connelly,* 874 F.2d at 416; *Luce,* 469 U.S. at 4).

### III. Discussion

Plaintiffs ask this Court to preclude defendant Rebecca Morrison from testifying as an expert witness at trial because Defendants failed to disclose her as an expert witness in accordance with this Court's scheduling order and Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs' request is well taken.

On February 4, 2011, this Court ordered that primary experts in this caused be disclosed no later than March 4, 2011 and that rebuttal experts be disclosed no later than April 1, 2011. On April 1, 2011, Defendants delivered their disclosures of experts by hand and by facsimile transmission to counsel for Plaintiffs. The documents delivered included expert reports and *curriculum vitae* for three experts: Jane Case-Smith, Denise Sawan Caruso and P.D. Eye Forensic Accounting.

Nine months past the Court-ordered disclosure deadline, on December 5, 2011, counsel for Defendants emailed Plaintiffs' counsel and attached a draft pretrial order for use in a telephone conference scheduled later that morning with the Court. That draft pretrial order contained a statement of Rebecca Morrison's qualifications as an expert witness. Plaintiffs contend that this was the first intimation of Defendants' intent to utilize Dr. Morrison as an

3

expert witness:

> At no time did Defendants provide a written report by Dr. Morrison as required by F.R.C.P. 26(a)(2)(B). Nor have Defendants ever provided a statement of the subject matter on which Dr. Morrison is expected to provide expert testimony or a summary of her facts and opinions as required by F.R.C.P. 26(a)(2)(C). Moreover, at the deposition of Dr. Morrison on March 28, 2011, counsel for Defendants, Robert Willard, indicated that Dr. Morrison's testimony as to damages would be "more in the nature of rebuttal testimony" than expert testimony. In support hereof, Plaintiffs attach hereto and incorporate herein page 111-116 of the deposition of Rebecca Morrison as Exhibit 3. Dr. Morrison's testimony clearly dealt with factual issues aimed at rebuttal, rather than with any independent development of expert opinions.

(ECF No. 108 at 2.)

In their memorandum in opposition, Defendants first argue that Dr. Morrison is not being offered as an "outside expert" and second that "in the event that Defendants' indication that Dr. Morrison is an expert violated the letter or spirit of Civ. R. 26, then, Defendants respectfully submit the error should not preclude Dr. Morrison from offering testimony which could be considered expert testimony at trial." (ECF No. 109 at 2.)

As to Defendants' first argument, they claim:

> Defendants do not intend to call Dr. Morrison as an outside expert. She is, however, a party who has pertinent knowledge of issues in the case. Rule 26 does not require written reports from witnesses who are not specially retained or employed to provide expert testimony. Dr. Morrison was only designated as a person who might offer expert testimony in the proposed pretrial order out of an abundance of caution.

(ECF No. 109 at 1.) Defendants continue that, Plaintiffs will not be prejudiced because "Plaintiffs have had a full opportunity to discover any opinions she might offer" and that Defendants "listed Dr. Morrison as a witness in their Rule 26 Disclosure and listed the areas on which she would testify including damages, the primary area in which expert testimony is being offered by either side in these proceedings." *Id.* at 1, 2. Finally, Defendants contend that they "still believe, as Defendants' counsel noted in Dr. Morrison's deposition, that any opinions Dr.

Morrison might offer would be in the nature of rebuttal, rather than affirmative opinions on new or different subjects." *Id.* at 2. Defendants' arguments are not well taken.

Even if Rule 26(a)(2)(B) did not require the submission of a report because Dr. Morrison is not considered an expert who was "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Defendants were still required to provide an expert "disclosure." Rule 26(a)(2)(C) requires the disclosure of the subject matter on which Dr. Morrison is expected to testify and a summary of the facts and opinions to which she is expected to testify:

> (2) Disclosure of Expert Testimony.
>
> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> . . . .
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(A), (C).

Defendants have failed to comply with this Rule. Further, it is simply not accurate that Plaintiffs had the opportunity to explore Dr. Morrison's knowledge on the subject matter of her proposed expert testimony. Indeed, because Defendants have failed to provide the required disclosure, it is not even clear what the content of Dr. Morrison's proposed expert testimony will be. Defendants shed no light on her anticipated testimony in their memorandum in opposition to

5

Plaintiffs' motion to bar her testimony. That is, Defendants first intimate that Dr. Morrison may testify as an expert to damages, stating: "Defendants listed Dr. Morrison as a witness in their Rule 26 Disclosure and listed the areas on which she would testify including damages, the primary area in which expert testimony is being offered by either side in these proceedings." (ECF No. at 1.) Defendants, however, then go on to state that Dr. Morrison has "experience and education that was the basis of her work with C.B.[,]" "makes decisions in her respective field based on her experience background and knowledge of the individual child[,]" "has attained the highest degree in her field." *Id.* at 3. These latter statements seems to suggest that Dr. Morrison may testify to subject matter other than damages.

In their second argument Defendants posit that even if they failed to properly disclose Dr. Morrison as an expert, she should still be permitted to testify as an expert. Defendants believe Dr. Morrison's testimony presents "no surprise" because "Plaintiffs were informed that Dr. Morrison might offer expert opinion in rebuttal and had and used the opportunity to depose her" and because "[b]oth parties were discussing the addition of experts to their witness lists and questions on both sides remain to be resolved." (ECF No. 109 at 2.) Defendants' arguments are not well taken.

Initially, the Court notes that whether Plaintiffs untimely named an expert does nothing to excuse Defendants' untimely designation. If Plaintiffs attempted to rely upon an expert that was not properly designated, which does not appear to be the case, Defendants had the opportunity to move for exclusion of that expert. As to Defendants claim that Plaintiffs had the opportunity to depose Dr. Morrison so there is no surprise, this Court disagrees. As the Court explained above, Plaintiffs have not been permitted to depose Dr. Morrison on the subject matter

6

of her proposed expert testimony.  Dr. Morrison can, of course, offer testimony in the nature of rebuttal that all parties were aware she may offer.  But she may not be offered at this late stage of the proceedings as an expert who is permitted to develop independent expert opinions.

## IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion to Bar Expert Testimony.  (ECF No. 108.)  As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memorandum in opposition to that motion.

**IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**